**UNITED STATES of America, Appellee,**

v.

**Angel RODRIGUEZ, Defendant–Appellant.**

No. 07–2364–cr.

United States Court of Appeals, Second Circuit.

Sept. 30, 2008.

Jorge Guttlein, Guttlein & Associates, New York, New York, for Appellant.

Nicholas S. Goldin, Assistant United States Attorney (Cathy Seibel, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York, for Appellees.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges, Hon. JED S. RAKOFF, District Judge.*

### SUMMARY ORDER

On March 23, 2006, defendant Angel Rodriguez was convicted by a jury of: (i) conspiring to distribute or possess with intent to distribute five kilograms or more of mixtures or substances containing cocaine and 100 grams or more of mixtures or substances containing heroin; (ii) distributing or possessing with intent to distribute five kilograms or more of mixtures or substances containing cocaine; and (iii) distributing or possessing with intent to distribute 100 grams or more of mixtures or substances containing heroin. Rodriguez then moved pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure for a judgment of acquittal or, in the alternative, for a new trial on the ground that the evidence at trial was insufficient to support the jury's conclusions. His motions were denied in an Opinion and Order filed July 6, 2006, 2006 WL 1896403, (Stein, J.), and it is from that decision that Rodriguez now appeals. We assume the parties' familiarity with the facts and procedural history of the case and with the issues presented by this appeal. We affirm, substantially for the reasons stated by Judge Stein in his Opinion and Order.

Rule 29 of the Federal Rules of Criminal Procedure provides that a district court shall enter a judgment of acquittal when "the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). However, "an appellant making such a challenge bears a very heavy burden." United States v. Pitre, 960 F.2d 1112, 1120 (2d Cir.1992). Guilty verdicts cannot be overturned if "after viewing the evidence in the light most favorable to the prosecution ... [the court concludes that] any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (emphasis in original) (internal citation and quotation marks omitted). A guilty verdict may be based solely on circumstantial evidence "as long as the inferences of culpability drawn from the circumstances are reasonable." United States v. MacPherson, 424 F.3d 183, 190 (2d Cir.2005).

Rule 33 does not permit a district court to enter a judgment of acquittal; but it does permit the district court to "grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). In evaluating a motion under Rule 33, a court "must examine the entire case, take into account all facts and circumstances, and make an objective evaluation" of whether the record supports the jury verdict. United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001). In doing so, the court must be careful to "strike a balance between weighing the evidence and credibility of witnesses and not wholly usurp[ing] the role of the jury." Id. at 133 (internal quotation marks omitted) (alteration in original). Inherently, a Rule 33 motion is committed to the discretion of the district court, and will only be reversed for abuse of such

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

discretion. *United States v. Locascio*, 6 F.3d 924, 949 (2d Cir.1993).

Here, the evidence, taken most favorably to the Government, showed that the seller of the narcotics, named José, arranged for the would-be purchaser (a confidential informant) to meet José's "guys" at approximately 7 p.m. on February 3, 2005 at the parking lot of a McDonald's on the corner of West 125th Street and Broadway in Manhattan to make the exchange. The purchaser duly arrived at the appointed place around 7:30 p.m. on the appointed date and found a livery cab driven by defendant waiting with an unopened box in the rear seat. Phone records showed that defendant had been in immediate and repeated contact with José over the prior half hour, and that he and José had made 13 calls to each other over the prior week. Directing the purchaser's attention to the box, defendant stated, "Of course it's all there. Just as you ordered it." The purchaser then explained that he would need to call José to make the arrangements for payment (euphemistically referred to as "tickets"), whereupon the defendant, in an agitated voice, insisted that the purchaser take "that shit" out of the cab before doing so. When the purchaser hesitated, the defendant, again referring to the lone box, said "Take them out, man." After removing the box from the cab, the purchaser re-entered and told defendant that José had directed him to give defendant the "tickets," to which defendant responded, "c'mon, pass it over."

From these and other circumstances, the evidence amply supported the jury's inference of guilt. If, as defendant claims, he was just an innocent livery cab driver making a delivery (to a very unlikely spot), why did he have so many calls with José, why was he able to assure the purchaser that "it's all there. Just as you ordered it," why was he so anxious for the purchaser to remove the box from his cab before opening it, and why did he have the conversations with the purchaser about "tickets"—a term that would have been nonsensical in the context if a drug delivery were not in progress. From these facts alone, the jury was fully justified in inferring that defendant was fully aware of the arrangements, had been privy to them for days, and was anxious to be paid for his participation in the conspiracy.

Any remaining doubt was removed when defendant took the stand at trial and gave an exculpatory account of the foregoing events that the jury, after observing his demeanor, rejected. In so doing, the jury was entitled to draw the adverse inference that defendant's unpersuasive denials evidenced consciousness of guilt. *Dyer v. MacDougall*, 201 F.2d 265, 269 (2d Cir. 1952) (L. Hand, *J.*) (stating that "the denial of one, who has a motive to deny, may be uttered with such hesitation, discomfort, arrogance or defiance, as to give assurance that he is fabricating, and that, if he is, there is no alternative but to assume the truth of what he denies").

We have considered Rodriguez's other arguments on this appeal and find them without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.